JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants' motion to determine finality, filed with this court on May 15, 2003 and referred to this merit panel, is granted. It is the finding of this merit panel that plaintiffs-appellants' case does not involve a final appealable order.
 {¶ 2} Plaintiffs-appellants, Anthony Ravotti and Janet Ravotti ("appellants"), appealed from the decision of the trial court granting defendant-appellee, Corcoran Tile and Marble, Inc.'s ("Corcoran"), motion to dismiss, filed on February 26, 2003 and granted on March 7, 2003. Having reviewed the arguments of the parties and the pertinent law, we find that the trial court's order is not a final appealable order. Appellants' appeal is hereby dismissed.
 I. {¶ 3} Appellant, Anthony Ravotti, was severely injured in an automobile accident on September 27, 1999. He was returning to the International Masonry Institute ("IMI") where he was sent by his employer, Corcoran Tile and Marble, Inc. As a result of the accident, appellant, Anthony Ravotti, sustained a brainstem injury and is unable to communicate. Mr. Ravotti's mother, Janet Ravotti, was assigned as legal guardian and the Industrial Commission was informed of the guardianship. Appellant, Anthony Ravotti, through his representative, filed a claim for workers' compensation benefits which was denied at the administrative hearing levels. On October 4, 2001, the Bureau of Workers' Compensation denied plaintiff-appellant Anthony Ravotti's claim stating there was no proof of an employer-employee relationship between the injured party and the listed employer. The district hearing officer found that the claimant was in a "laid off" status for several weeks, and prior to the accident he was neither traveling to IMI (the school) to "begin" his studies nor returning from his studies when the accident occurred. Claimant was returning to IMI from a weekend personal "excursion" (his mother's birthday).[1] Appellant, Anthony Ravotti, then appealed to the Industrial Commission of Ohio ("Commission") on November 2, 2002. The Commission denied appellant's claim and mailed its order, refusing to hear his appeal, to his prior address. However, appellant had sustained a brainstem injury and was residing in a nursing home and, therefore, not residing at the address where the Commission sent the notice. In addition to sending the notice to appellant's prior address, the Commission mailed its decision to the Ravotti's representative of record, William J. Sexton, Esq.
 {¶ 4} On December 24, 2002, appellants filed their complaint against Corcoran and defendant-appellee, Administrator, Bureau of Workers' Compensation ("BWC") in Cuyahoga County Common Pleas Court. On March 7, 2003, the trial court issued its journal entry denying jurisdiction. The trial court's journal entry stated that plaintiffs-appellants did not satisfy the jurisdictional element set forth in R.C. 4123.512, which requires that the parties must file their appeal within 60 days.
 {¶ 5} R.C. 4123.512(A) states the following:
"(A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 [4123.51.1] of the Revised Code in any injury or occupational disease case * * *. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 [4123.51.1] of the Revised Code. The filing of the notice of the appeal with the court is the only act required to perfect the appeal. * * * Notwithstanding anything to the contrary in this section, if the commission determines under section 4123.522 [4123.52.2] of the Revised Code that an employee, employer, or their respective representatives have not received written notice of an order or decision which is appealable to a court under this section and which grants relief pursuant to section 4123.522 [4123.52.2] of the Revised Code, the party granted the relief has sixty days from receipt of the order under section4123.522 [4123.52.2] of the Revised Code to file a notice of appeal under this section." Emphasis added.
 {¶ 6} Moreover, the trial court's journal entry further states that the plaintiff-appellant:
"appears to have a valid claim in that it is alleged that the guardiannever received notice of the Commission's order. The claim fails,however, because O.R.C. Section 4123.522 permits a party to file itsNotice of Appeal after the sixty days have run, provided that theCommission determines after a hearing that the party did not receivenotice. O.R.C. 4123.522. The Ohio Supreme Court has stated that it isnecessary for a party to adhere to this procedure before the Notice ofAppeal can be filed with the Common Pleas Court. Weiss v. Ferro Corp.(1989), 44 Ohio St.3d 178."[2] Emphasis added.
 {¶ 7} In the case sub judice, appellants never scheduled the required R.C. 4123.522 hearing with the Commission in order to properly resolve the notice issue. The trial court, therefore, determined that it did not have jurisdiction and dismissed the case. R.C. 4123.522 states that notice must be provided to both the employee and their respective representatives. R.C. 4123.522 states the following:
"The employee, employer, and their respective representatives areentitled to written notice of any hearing, determination, order, award,or decision under this chapter and the administrator of workers'compensation and his representative are entitled to like notice fororders issued under divisions (C) and (D) of section 4123.511 [4123.51.1]and section 4123.512 [4123.51.2] of the Revised Code. An employee,employer, or the administrator is deemed not to have received noticeuntil the notice is received from the industrial commission or itsdistrict or staff hearing officers, the administrator, or the bureau ofworkers' compensation by both the employee and his representative ofrecord, both the employer and his representative of record, and by boththe administrator and his representative." Emphasis added.
 {¶ 8} The appellant in this situation was incapacitated and the appellant's guardian did not receive notice, even though according to R.C. 4123.522 both the employee (or his legal guardian) and his representative of record, his attorney in this case, must receive notice.
 {¶ 9} In addition to the notice required above, the order must be a final appealable order for this court to have jurisdiction. R.C. 2505.02 provides in pertinent part:
"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."
 {¶ 10} In the case sub judice, the trial court did not determine the action or prevent a judgment. The trial court dismissed the case on March 7, 2003 for lack of jurisdiction and left it open for appellants to refile their notice of appeal after obtaining the required determination from the Commission regarding the notice issue.
 {¶ 11} Accordingly, we grant plaintiffs-appellants' motion to determine finality and find that the case at bar does not involve a final appealable order and, therefore, dismiss the case.
 {¶ 12} This cause is dismissed.
Colleen Conway Cooney, P.J. and Sean C. Gallagher, J. Concur.
[1] See plaintiffs-appellants' notice of appeal, exhibit C, record of proceedings, p. 2, F. Michael Arcangelini, district hearing officer's findings.
[2] See trial court's journal entry of March 7, 2003, p. 1.